UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL M. JESTER, et al., | ) | CASE NO. 1:13 CV 1926 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| CITIMORTGAGE, et al., | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants | ) | |

This matter comes before the Court upon Defendant CitiMortgage's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF #17). For the reasons that follow, Defendant's Motion to Dismiss is granted in part and denied in part.

## FACTUAL BACKGROUND

On September 3, 2013, Plaintiffs Michael and Theresa Jester filed a Complaint in this Court against Defendants CitiMortgage and Beneficial, asserting alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count 1); the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 (Count 2); the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 (Count 3); the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; and claims of Fraud (Count 5) and Intentional Infliction of Emotional Distress (Count 6).  (ECF #1).

Plaintiffs filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Ohio on February 26, 2007.  (ECF #1, ¶ 11).  Prior to the commencement of the bankruptcy action, Plaintiffs incurred mortgage debts to Defendants.  (ECF #1, ¶ 12).  Plaintiffs claimed that, during the course of the bankruptcy action, Defendant CitiMortgage failed to respond to "repeated[] request[s]" for mortgage statements, and never provided the requested

documentation. (ECF #1, ¶¶ 21, 23). After receiving their discharge from bankruptcy on March 26, 2012, Plaintiffs allege that they became concerned about statements they received from Defendants and engaged counsel who sent both Defendants a "qualified written request" as defined by RESPA, regarding the crediting of payments on their mortgage accounts. Plaintiffs' reason for the requests was their belief that all payments made to both Defendants during the Chapter 13 bankruptcy proceeding had not been accounted for. (ECF #1, ¶24) Plaintiffs note that their requests were based on the mistaken belief that their Chapter 13 plan was meant to pay off the entirety of their secured claims held by Defendants. (ECF #1, ¶22)

CitiMortgage failed to respond to the first qualified written request. Plaintiffs hired different counsel who sent a second set of "qualified written requests" to CitiMortgage on June 11, 2013. (ECF #1 ¶ 27). CitiMortgage responded to the qualified written request on June 18, 2013 and included a pay history for the loan at all times during the Chapter 13 proceeding which Plaintiffs attached as an exhibit to the Complaint. (ECF #1, ¶ 28). Plaintiffs assert that review of the pay histories shows that "both [defendants] placed disbursed funds from the Chapter 13 Trustee into suspense accounts and in some cases, did not apply the Trustee's separate payments for the pre-petition mortgage arrearages and the on-going mortgage payment as separate payments" and it is unclear whether the entirety of the Trustee's funds was ever fully credited to Debtor's accounts. (ECF #1, ¶31).

Defendant CitiMortgage moves to dismiss all of the claims asserted against it pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiffs fail to state a claim upon which relief can be

granted.[1]

## STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a Motion to Dismiss, this Court must construe the complaint in the light most favorable to the plaintiff, accept her factual allegations as true, and draw reasonable inferences in her favor. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court need not, however, accept a complaint's allegations as true based on "threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000) (court need not accept conclusions of law or unwarranted inferences cast in the form of factual allegations).

In order to survive dismissal, a Complaint must provide the grounds of the entitlement to relief – that is, factual allegations enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the Complaint are true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, under Rule 12(b)(6), this Court's inquiry is limited to the content of the Complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the Complaint may also be considered. *See, e.g., Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

---

[1]While CitiMortgage purportedly moves to dismiss the entire Complaint, its filings did not discuss Plaintiffs' Intentional Infliction of Emotional Distress or offer any reason to dismiss that claim.

**DISCUSSION**

1.Fair Debt Collection Act (" FDCPA") Claim

Defendant contends that Plaintiffs' FDCPA  claim is barred because CitiMortgage is not "debt collector" as that term is defined by FDCPA and thus FDCPA does not apply to CitiMortage as a matter of law.  Moreover, Defendant argues that even if the FDCPA were to apply, the one year statute of limitations has expired.

The parties do not dispute that under the case law interpreting the FDCPA, a creditor who originates a debt or acquires a debt for collection prior to default is not a "debt collector" for the purposes of the FDCPA. Defendant asks this Court to take judicial notice that CitiMortgage is the successor by merger to ABN AMRO, the originating lender and mortgagee. If the Court accepts that factual assertion, then Defendant argues it is impossible for the loan at issue to have been in default at the time CitiMortgage received its interest.  While Defendant's assertions may be factually true, the Court cannot accept such factual assertions that do not appear in the Complaint or the limited record in this action.  As such, this argument must wait for summary judgment.

Moving on to Defendant's statue of limitations argument, the FDCPA provides, in relevant part:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States [D]istrict [C]ourt without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

*See* 15 U.S.C. § 1692k(d).  Thus, according to the plain language of § 1692k(d), the statute of limitations begins to run at the moment the violation occurs, without regard to when the plaintiff gained knowledge of the cause of action. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605

4

F.Supp.2d 914, 944 (N.D.Ohio Mar.17, 2009).

Here, Defendant notes that Plaintiffs' admit that they were aware of payment discrepancies during the course of the Chapter 13 bankruptcy, which ran from February 26, 2007, until discharge on March 26, 2012.  (ECF #17; ECF #1, ¶¶ 19, 21, 22).  Plaintiffs filed the instant action on September 3, 2013, more than a year after the termination of the bankruptcy.  It therefore follows that any alleged claims stemming from those payment discrepancies are time barred.

In response, Plaintiffs do not dispute that they filed their FDCPA claim more than one year after the alleged violation.  Rather, they assert that CitiMortgage is estopped from raising the statute of limitations as an affirmative defense "due to the doctrine of equitable tolling occasioned by [Defendant's] fraudulent concealment."  (ECF #28 at 12).  Plaintiffs contend that equitable tolling is applicable because Defendant did not timely respond to a discovery request, necessitating the "sending [of] a second qualified written request."  (Id).

In order to establish equitable tolling by fraudulent concealment, plaintiffs must allege and establish that: 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitation period; and 3) until discovery of the cause of action, plaintiffs exercised due diligence in trying to find out about the cause of action. *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir.1988). Given the strong policy preference in favor of statutes of limitations, Plaintiffs must prove affirmative acts of concealment and their allegations must contain "distinct averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is," so that the Court may clearly see

5

"whether, by ordinary diligence, the discovery might not have been before made." *Id*. at 1471-72 (internal citations omitted). To benefit from equitable tolling, a Plaintiff must demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *See, e.g., Turner v. Lerner, Sampson & Rothfuss*, 776 F.Supp.2d 498, 504 (N.D.Ohio 2011). Equitable tolling is available "only in compelling circumstances which justify a departure from established procedures," and Plaintiff has the burden of persuading this Court that he is entitled to it. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see also Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). For those reasons, the circumstances which will lead to equitable tolling are rare. *See Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

Review of Plaintiffs' Complaint demonstrates that Plaintiffs have not met the rigorous pleading requirements necessary to justify the imposition of equitable tolling in this instance. Plaintiffs aver that they repeatedly requested mortgage statements from Defendant during the course of the Chapter 13 proceeding and that the statements were not provided to Plaintiffs during the bankruptcy proceeding. After discharge in March 2012, Plaintiffs aver that they became increasingly concerned by the statements received by Defendants. After waiting more than a year, Plaintiffs hire counsel and sent Qualified Written Requests to Defendants. CitiMortgage did not respond to the first request but did respond to the second request. Plaintiffs filed this action within three months of receiving CitiMortgage's response to the Qualified Written Request and after concluding based on review of the documents provided by Defendants that it was unclear whether the entirety of the Trustee's funds was ever fully credited to Plaintiffs' accounts with Defendants. Even if the Court presumes from these averments that Defendant "actively concealed" the conduct that constitutes the cause of action and that the

6

concealment prevented plaintiffs from discovering the cause of action within the limitation period, it is clear that Plaintiffs failed to act with appropriate diligence when they let a year go by before even trying to investigate the claim. Accordingly, the Court declines to apply equitable tolling in these circumstances. As such, Plaintiffs' FDCPA claim is time barred.

2. Ohio Consumer Sales Practices Act

The Ohio Supreme Court has ruled that servicers of residential mortgage loans are not covered by the OCSPA because loan servicing is not a "consumer transaction" under Ohio Rev. Code § 1345.01(A), and such entities are not "engaged in the business of effecting or soliciting consumer transactions" for purposes of Ohio Rev. Code § 1345.01(C). CitiMortgage explains that it is the successor by merger to ABN AMRO, which originated the loan. The merger took place in 2007 and CitiMortgage was the entity named in the Plaintiffs' Bankruptcy petition and from whom a discharge awarded. At that time Defendant asserts it became the servicer. (ECF #17 at 6) While this argument will be dispositive of this claim, the limited record before the Court prevents the Court from finding that CitiMortgage is in fact the servicer of the mortgage loan at issue.[2] This argument must wait for summary judgment.

3. Truth in Lending Act ("TILA")

Plaintiffs allege that the transactions at issue, which were described as mortgage debts, in the factual allegation section of the Complaint, constitute consumer credit transactions subject to the TILA and Regulation Z. (ECF #1 ¶¶ 12, 42) Further, these mortgage debts were incurred

---

[2]Plaintiffs' Complaint avers that Defendants "conducted business as a 'mortgage servicer' as that term is defined by the Real Estate Settlement Procedures Act" and that Defendants "transact business as primary mortgage originators and/or mortgage servicers within the State of Ohio". (ECF #1, ¶¶ 9, 7) Plaintiffs' also aver that Defendants are creditors as that term is defined in TILA. (ECF #1, ¶8) These averments are little more than legal conclusions.

7

before the commencement of Plaintiffs' Chapter 13 case which was filed on February 26, 2007. (Id. ¶¶ 11-12) Plaintiffs allege that Defendants violated TILA during the course of the transactions by failing to properly make the required disclosures under TILA and Regulation Z in that they did not provide disclosures within three days of the Plaintiffs' credit applications or provide any financial disclosures in advance of consummation of the loans. (Id. ¶43)

Defendant contends that Plaintiffs' TILA claim is barred by the one year statute of limitations for TILA actions. 15 U.S. C. § 1640(e). (TILA claims must be brought "within one year from the date of the occurrence of the violation.") Here Plaintiffs complain that they did not receive disclosures within three days of the credit application or receive financial disclosures in advance of consummation of the loan. Plaintiffs admit that the loans were consummated prior to 2007. Accordingly, the TILA claims are time barred.[3]

4. Real Estate Settlement Procedures Act ("RESPA")

CitiMortgage asserts that Plaintiffs fail to state a claim under RESPA because they do not allege that they suffered any actual damages purportedly flowing from CitiMortgage's actions. A plaintiff must plead facts showing actual damages caused by the alleged RESPA violation. *BAC Home Loans Servicing LP v. Fall Oaks Farm, LLC*, 848 F.Supp.2d 818, 830 (S.D. Ohio 2012)("[a] claim under RESPA is properly dismissed for failure to allege actual damages resulting from failure to respond to qualified written request." citing *Bajwa v. John Adams Mortg. Co.*, No. 11–CV–12183–DT, 2011 WL 6009266, at *5 (E.D.Mich. Nov. 30, 2011) (collecting cases)); *Ford v. New Century Mortg. Corp.*, 797 F.Supp.2d 862, 870 (N.D. Ohio

---

[3]The Complaint does not aver any facts which would support any reason to toll the statute of limitations regarding the TILA claims.

2011).

In their Complaint, Plaintiffs allege that CitiMortgage violated RESPA, 12 U.S.C. § 2605(e)(1), (2) and (3) by failing to provide a written response to their QWR within 20 days of receipt; failing to make appropriate corrections to Plaintiffs' account in response to the QWR, including crediting of any late charges or penalties and failing to transmit written notice of such corrections to Plaintiffs within 60 days after receipt of the QWR; by providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Plaintiffs that were related to the QWR; and by engaging in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA. (ECF #1, ¶¶ 47-51). As a result of these alleged violations Plaintiffs assert that they "suffered damages and in order to carry out the provision of the Code and to maintain the integrity of the Code, this Code must impose actual damages, punitive damages, and legal fees against each Defendant..." (ECF #1, ¶ 52)

In response to Defendant's assertion that the Complaint fails to alleged specific facts supporting actual damage flowing from Defendant's alleged violation of RESPA to satisfy the plausibility pleading standard as set forth in *Iqbal* and *Twombly*, Plaintiffs assert that their pleading is very similar to the Complaint whose sufficiency was recently affirmed by the Sixth Circuit in *Marais v. Chase Home Finance LLC*, 736 F.3d 711 (6th Cir. 2013). In *Marais*, the complaint alleged that Chase deficiently responded to Plaintiff's QWR, and continued to misapply payments of approximately $800 and that Plaintiff incurred actual damages that included the amount of money Chase "converted" and "interest and disgorgement interest. Marais further alleged that "[d]ue to these violations, Defendant is liable to Plaintiff in the amount of her actual damages" equaling the amount of money Chase converted plus interest. The

Sixth Circuit determined that " A reasonable inference arising from these allegations is that because Chase (undisputedly) failed to correct or investigate the misapplied payments, Marais paid interest on a higher principal balance than she should have." *Id*. at 720. As such, the Court overturned the District Court's dismissal of Marais' RESPA claim noting that its approach to RESPA cases "counsels against dismissal of RESPA claims on the basis of inartfully-pleaded actual damages." *Id*. at 722.

While Plaintiffs' pleading in this case seems even more generalized than the pleading in *Marais*, and offers little more than conclusory statements regarding the purported violations of RESPA, the Court will follow the Sixth Circuit approach and refrain from dismissing Plaintiffs' RESPA claim on the basis of inartfully pleaded actual damages.

    5. Common Law Fraud

Federal Rule of Civil Procedure 9(b) requires "that a party must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). While the Sixth Circuit has interpreted the particularity requirement liberally, the plaintiff must at least "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–162 (6th Cir.1993) (internal citations and quotations omitted). These particularity requirements must be considered, but the ultimate question is whether the complaint puts the defendant on "sufficient notice of the misrepresentation," enabling them to respond to the allegations of fraud in an informed manner. *Id.* (internal citations and quotations omitted).

    The elements of common law fraud in Ohio are:

    (a) a representation or, where there is a duty to disclose, concealment of a fact,

 (b) which is material to the transaction at hand,

(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false ...,

(d) with the intent of misleading another into relying upon it,

(e) justifiable reliance upon the representation or concealment, and

(f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm–Cleveland, Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709, 712 (1987).

In their fraud claim Plaintiffs merely assert that based upon all of the allegations made in the Complaint, Defendants knowingly attempted to defraud Plaintiffs by failing to account for all funds received on each mortgage account; that Plaintiffs' reliance on the assertions alleged above have caused Plaintiffs to engage two separate sets of counsel in an effort to clarify the accounting of each mortgage and neither Defendant has fully addressed or responded to Plaintiffs' concerns. As a result of "this reliance and delay" Plaintiffs and their Counsel have been harmed and seek an award of punitive damages.[4] (ECF #1, ¶¶ 54-56). CitiMortgage argues that the Complaint asserts no facts regarding materiality of any false statement and also fails to allege facts relative to any intent to mislead. Plaintiffs respond, without specific references, that they have met their burden under both Rule 8 and Rule 9(c) in alleging time, place, and content of the misrepresentations upon which they relied and that they did in fact rely on them. In support of this assertion, Plaintiffs cite paragraphs 58-59 of the Complaint which are part of their Intentional Infliction of Emotional Distress claim and allege that "by misapplying the Plaintiff's

---

[4] Plaintiffs offer no factual support for the assertion that their Counsel has been harmed by Defendants' alleged misrepresentations or the rather unique proposition that Counsel should be awarded punitive damages.

11

funds from the Chapter 13, each Defendant intentionally misrepresented the Plaintiff's account status which they knew would cause the Plaintiffs to grow concerned about the status of their mortgage."

While the Complaint asserts the various elements of fraud, it is very sparse on actual factual allegations supporting the claim.  Nevertheless, the minimal allegations in this Complaint is just enough to put the defendant on "sufficient notice of the misrepresentation," to enable it to respond to the allegations of fraud in an informed manner. As such the fraud claim will not be dismissed at this juncture.

## CONCLUSION

For the reasons set forth above, Defendant CitiMortgage's Motion to Dismiss is granted in part and denied in part.  Plaintiffs' claims for violation of the FDCPA (Count 1) and the Truth in Lending Act (Count 3) are dismissed. Defendant's Motion to Dismiss is denied as to Plaintiffs' claims of violation of the OCSPA (Count 2) and violation of RESPA (Count 4) as well as to Plaintiffs' claims of Fraud (Count 5) and Intentional Infliction of Emotional Distress (Count 6).  IT IS SO ORDERED.

                                                /s/Donald C. Nugent  
                                               DONALD C. NUGENT  
                                               UNITED STATES DISTRICT JUDGE

DATED:  July 16, 2014