## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL M. JESTER, *et al.*, | ) | CASE NO. 1:13 CV 1926 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| CITIMORTGAGE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

This matter comes before the Court upon the Motion of Defendant Beneficial Financial

Inc. ("Beneficial") for Summary Judgment. (ECF #40). For the reasons that follow, Defendant's

Motion for Summary Judgment is granted.

### FACTUAL BACKGROUND

On September 3, 2013, Plaintiffs Michael and Theresa Jester filed a Complaint in this

Court against Defendants CitiMortgage and Beneficial, asserting alleged violations of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count 1); the Ohio Consumer

Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 (Count 2); the Truth in Lending Act

("TILA"), 15 U.S.C. § 1601 (Count 3); the Real Estate Settlement Procedures Act ("RESPA"),

12 U.S.C. § 2605 (Count 4); and claims of Fraud (Count 5) and Intentional Infliction of

Emotional Distress (Count 6). (ECF #1).

Plaintiffs filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Northern

District of Ohio on February 26, 2007. (ECF #1, ¶ 11). Prior to the commencement of the

bankruptcy action, Plaintiffs obtained a mortgage loan in the principal amount of $38,282.86,

which Beneficial services. (Jester Dep., Exh. 2 and 3).  After receiving their discharge from bankruptcy on March 26, 2012, Plaintiffs allege that they became concerned about statements they received from Defendants and engaged counsel who sent both Defendants a "qualified written request" as defined by RESPA, regarding the crediting of payments on their mortgage accounts. Plaintiffs' reason for the requests was their belief that all payments made to both Defendants during the Chapter 13 bankruptcy proceeding had not been accounted for.  (ECF #1, ¶24) Plaintiffs note that their requests were based on the mistaken belief that their Chapter 13 plan was meant to pay off the entirety of their secured claims held by Defendants. (ECF #1, ¶22)

Plaintiffs assert that review of the pay histories shows that "both [defendants] placed disbursed funds from the Chapter 13 Trustee into suspense accounts and in some cases, did not apply the Trustee's separate payments for the pre-petition mortgage arrearages and the on-going mortgage payment as separate payments" and it is unclear whether the entirety of the Trustee's funds was ever fully credited to Debtor's accounts. (ECF #1, ¶31).


## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56©  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56©).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252).  Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citations omitted).  In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.  However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.  The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox v. Kentucky Dep't*

3

*of Transp.*, 53 F.3d 146, 149 (6ᵗʰ Cir. 1995).  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.  *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible.  The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"  *Wiley v. United States*, 20 F.3d 222, 225-26 (6ᵗʰ Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9ᵗʰ Cir. 1988)).  Fed. R. Civ. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify.  Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit.  Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted).  However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

4

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248.  The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249.  The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## DISCUSSION

Plaintiffs concede that summary judgment should be granted in favor of Beneficial on Plaintiffs' Fair Debt Collection Practices Act claim (Count 1), the Truth in Lending Act claim (Count 3) and the Ohio Consumer Practices Act claim (Count 2).  Plaintiffs contend that summary judgment is not warranted on their claims under RESPA (Count 4), as well as their state law claims of Fraud (Count 5) and Intentional Infliction of Emotional Distress (Count 6).

Moving first to Plaintiffs' claim under the Real Estate Settlement Procedures Act, Plaintiffs allege that Beneficial violated the Act by "failing to make appropriate corrections to the Plaintiff's account in response to the qualified written request, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to the Plaintiff no later than 60 days after receipt of the Plaintiff's qualified written request." (ECF #1, ¶48)

Plaintiffs also allege that Beneficial violated RESPA by refusing to cease its collection efforts and foreclosure proceedings after receiving Plaintiff's qualified written request and by providing information to consumer reporting agencies regarding overdue payments allegedly owed by Plaintiff that were related to the qualified written request. (Id. at ¶¶ 49-50). Finally, Plaintiffs allege that Beneficial engaged in a "pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA." (Id. ¶51)

Beneficial moves for summary judgment on this claim asserting that Plaintiffs have failed to allege any actual damages or produce any evidence that Beneficial engaged in a pattern or practice of noncompliance with the Act.  RESPA provides in pertinent part:

> (F) **Damages and costs**
>
> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
> (1) **Individuals**
>
> In the case of any action by an individual, an amount equal to the sum of–
> (A) any actual damages to the borrower as a result of the failure; and
> (B) any addition damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

15 U.S.C. § 2605(f).  Recovery under RESPA requires more than establishing a violation, however. Plaintiff must suffer actual, demonstrable damages, and Plaintiff's damages must occur "as a result of" that specific violation. 12 U.S.C. § 2605(f)(1)(A). Damages are a necessary element of a RESPA claim. See *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1345 (11th Cir.2005); *Webb v. Chase Manhattan Mortg. Corp.*, No. 05–0548, 2008 WL 2230696, at *14

(S.D.Ohio May 28, 2008); *Collier v. Wells Fargo Home Mortg.*, No. 04–CV–086–K, 2006 WL 1464170, at *3 (N.D.Tex. May 26, 2006); *Byrd v. Homecomings Fin. Network*, 407 F.Supp.2d 937, 946 (N.D.Ill.2005).

To highlight the lack of evidence supporting any claim of actual damages arising from any alleged violation of RESPA, Beneficial cites to the deposition testimony of Mr. Jester and his description of the damages Plaintiffs suffered as a result of Beneficial's actions. Mr. Jester testified that he and his wife "suffered a lot." That they had emotional damage, Mrs. Jester now has thyroid problems, Mr. Jester has neck issues caused by stress and that they have suffered financial costs. When asked how they were damaged by Beneficial's failure to make the appropriate corrections to their account, Mr. Jester stated that he thought "that's how the principal stayed so high, and they were able to accumulate more monies off the principal at a higher number rather than at a lower number." Finally, when asked how they were damaged when Beneficial failed to cease its collection efforts, Mr. Jester stated that "they initially had it on our credit bureau, negatively reported, and we couldn't buy a postage stamp, if we wanted to, on credit at that time." (Jester Dep. at 48-49). Beneficial argues that this testimony, which is all that Plaintiffs have presented on this point, is insufficient to create a question of material fact on the actual damages prong of RESPA.

In response to Beneficial's motion for summary judgment, Plaintiffs have not submitted any additional evidence in support of their RESPA claim. Rather, Plaintiffs ask this Court to deny Beneficial's motion for summary judgment on this claim for the same reasons that the Court denied CitiMortgage's motion to dismiss and because they "have reason to believe Beneficial misapplied payments based upon the Defendants' responses to a qualified written

request during the pendency of the ... Chapter 13 case." (ECF #42 at 3).

What Plaintiffs fail to acknowledge however, is the vastly different legal standard that applies on a motion for summary judgment as opposed to a motion to dismiss. When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its claim, summary judgment is appropriate on that claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23.  Moreover, Plaintiffs' position that review of unspecified portions of Mr. Jester's deposition coupled with the allegations in the complaint present a case similar to the complaint whose sufficiency was recently affirmed by the Sixth Circuit in *Marais v. Chase Home Finance LLC*, 736 F.3d 711 (6th Cir. 2013), again misses the point. While Plaintiffs allegations, conclusory as they are, may barely survive a motion to dismiss, more is required at the summary judgment stage. Plaintiffs must set out specific facts showing a genuine issue for trial.  Mere reference to Mr. Jester's deposition or unspecified reasons to believe payments were misapplied do not suffice.  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007)(citation omitted). Rather, "Rule 56 allocates that duty to the opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Id*.  Plaintiffs have failed to meet this burden; there has been no evidence presented that would create a question of material fact for trial on Plaintiffs' RESPA claim.  Accordingly, Beneficial is entitled to summary judgment on this claim.

Beneficial also moves for summary judgment on Plaintiffs' state law tort claims of fraud

and Intentional Infliction of Emotional Distress. Moving first to the fraud claim, Beneficial asserts that Plaintiffs have not plead, much less offered proof of the basic elements of a fraud claim. Under Ohio law Plaintiffs must allege facts demonstrating all of the following elements to maintain a fraud claim:

> (a) a representation or, where there is a duty to disclose, concealment of a fact,
>
> (b) which is material to the transaction at hand,
>
> © made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false ...,
>
> (d) with the intent of misleading another into relying upon it,
>
> (e) justifiable reliance upon the representation or concealment, and
>
> (f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm–Cleveland, Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709, 712 (1987).  Moreover, "a party must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b).

 In their Complaint Plaintiffs allege that both Defendants knowingly attempted to defraud Plaintiffs by failing to account for all funds received on the two mortgage accounts and that Plaintiffs' reliance on the assertions alleged above have caused Plaintiffs to engage two separate sets of counsel in an effort to clarify the accounting of each mortgage and neither Defendant has fully addressed or responded to Plaintiffs' concerns. (ECF #1, ¶¶ 54-55). Beneficial notes that it responded to Plaintiffs' concerns and provided documents regarding the Jesters' account and pay history evidencing that Beneficial properly credited the account. (See ECF #1, Ex. A) While Plaintiffs bear the burden of proof on this claim, they have failed to submit any evidence that the account was not properly credited. In his deposition Mr. Jester admitted that he did not know

9

whether the trustee's payments were properly credited to his Beneficial account. (Jester Dep. at 31, 34) In addition, Beneficial asserts that Plaintiffs have failed to sufficiently allege or prove damages. In his deposition, when asked how much money he claims that Beneficial has caused him to be damaged, Mr. Jester responded "the moon."  He also noted that his house has been damaged because he did not make necessary repairs because he was uncertain whether the house would be taken. He also noted that the Plaintiffs' reputation had been damaged. (Jester Dep. at 53-54)

In opposition to Beneficial's motion, Plaintiff merely contends that the fraud claim is still viable for the same reasons that they assert that the RESPA claim is viable and because Beneficial has never established that they applied payments during the Chapter 13 case properly. Plaintiffs' response is entirely deficient to withstand summary judgment on the fraud claim. First, Plaintiffs failed to establish a genuine question of material fact with respect to their RESPA claim.  Moreover, even if they had submitted any evidence sufficient to establish a question of material fact, the elements of a RESPA claim and a fraud claim are different. After re-reviewing the allegations of fraud in the Complaint, it seems clear that the threshold elements of a fraud claim were not alleged with the particularity required by Civ. R. 9(B). Moreover, after sufficient time to complete discovery, indeed the discovery period concluded in May, Plaintiffs have again failed to offer any factual support for their fraud claim. As such, summary judgment is granted on this claim.

Finally, Beneficial moves for summary judgment on Plaintiffs' claim of Intentional Infliction of Emotional Distress ("IIED").  The Supreme Court of Ohio, in *Yeager v. Local Union 20,* 6 Ohio St. 3d 369, 374 (1983) (abrogated on other grounds), set forth the elements of

IIED.  "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. ..." *Id*. at 374. Emotional distress is severe if "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh v. Hanks*, 6 Ohio St. 3d 72, 78 (1983).  Examples of serious emotional distress "include traumatically induced neurosis, psychosis, chronic depression, or phobia." *Id.*  Thus, courts only permit liability for IIED where "the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager*, 6 Ohio St. 3d at 375. Moreover, the type of evidence that would allow Plaintiff to overcome a summary judgment motion consists of, for example, medical reports and expert testimony.  *See Hartwig v. Nat'l Broad. Co., Inc.*, No. 9403879, 1996 WL 33252, at *2 (6th Cir. 1996).

Beneficial submits the deposition testimony of Mr. Jester where he acknowledges that Beneficial did not purposefully or intentionally cause Plaintiffs emotional distress. (Jester Dep. at 51-52) The only response Plaintiffs offered to Beneficial's motion is the following statement: "any claim that the actions of Beneficial constituted acts capable of rising to the level of Intentional Infliction of Emotional Distress would be asserted by a complete review of the entire timeline of the transactions." (ECF #42 at 3).  Plaintiffs go on to concede that Plaintiff's "response without further documentation may warrant judgment for Beneficial."  Because Plaintiffs present this Court with no proof of serious emotional distress in this case, Beneficial is entitled to summary judgment on Plaintiffs' IIED claim.

## **CONCLUSION**

For the reasons set forth above, Defendant Beneficial's Motion for Summary Judgment (ECF #40) is granted.  IT IS SO ORDERED.


 */s/Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE


DATED:__October 9, 2014___

12