UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL M. JESTER, *et al.*, | CASE NO. 1:13 CV 1926 |
| Plaintiffs, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OPINION |
| CITIMORTGAGE, *et al.*, | |
| Defendants. | |

This matter comes before the Court upon the Motion of Defendant CitiMortgage, Inc. ("CitiMortgage") for Summary Judgment. (ECF #54). For the reasons that follow, Defendant's Motion for Summary Judgment is granted.

FACTUAL BACKGROUND

On September 3, 2013, Plaintiffs Michael and Theresa Jester filed a Complaint in this Court against Defendants CitiMortgage and Beneficial Financial, Inc. ("Beneficial"), asserting alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count 1); the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 (Count 2); the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 (Count 3); the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Count 4); and claims of Fraud (Count 5) and Intentional Infliction of Emotional Distress (Count 6). (ECF #1).

Plaintiffs filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Ohio on February 26, 2007. (ECF #1, ¶ 11). Prior to the commencement of the bankruptcy action, Plaintiffs obtained a mortgage loan serviced by CitiMortgage. (ECF #1, ¶

12). After receiving their discharge from bankruptcy on March 26, 2012, Plaintiffs allege that they became concerned about statements they received from Defendants and engaged counsel who sent both Defendants a "qualified written request" as defined by RESPA, regarding the crediting of payments on their mortgage accounts. Plaintiffs' reason for the requests was their belief that all payments made to both Defendants during the Chapter 13 bankruptcy proceeding had not been accounted for. (ECF #1, ¶24). Plaintiffs note that their requests were based on the mistaken belief that their Chapter 13 plan was meant to pay off the entirety of their secured claims held by Defendants. (ECF #1, ¶22).

Plaintiffs assert that review of the pay histories shows that "both [defendants] placed disbursed funds from the Chapter 13 Trustee into suspense accounts and in some cases, did not apply the Trustee's separate payments for the pre-petition mortgage arrearages and the on-going mortgage payment as separate payments" and it is unclear whether the entirety of the Trustee's funds was ever fully credited to Debtor's accounts. (ECF #1, ¶31).

On November 27, 2013, CitiMortgage filed a motion to dismiss for failure to state a claim (ECF # 17). On July 16, 2014 the Court granted the motion in part, dismissing Plaintiffs' Fair Debt Collection Practices Act claim (Count 1) and Truth in Lending Act claim (Count 3), and denying the dismissal of the remaining counts. (ECF # 41). On June 30, 2014, Beneficial filed a motion for summary judgment on all claims asserted against it by Plaintiffs (ECF #40). On October 9, 2014, the Court granted the Motion for Summary Judgment (ECF #49), and ordered the dismissal of all claims against Beneficial. (ECF#50).

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.*

at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). Fed. R. Civ. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## DISCUSSION

Plaintiffs concede that the Ohio Consumer Practices Act claim (Count 2) fails as a matter of law, and Plaintiffs concede that there is insufficient evidence to support their claim of Intentional Infliction of Emotional Distress (Count 6). (ECF # 56). Plaintiffs contend that

summary judgment is not warranted on their claims under RESPA (Count 4), as well as their state law claim of Fraud (Count 5).

Moving first to Plaintiffs' claim under the Real Estate Settlement Procedures Act, Plaintiffs allege that CitiMortgage violated the Act by "failing to provide a written response acknowledging receipt of the Plaintiff's (sic) qualified written request no later than 20 days after the receipt of the request." (ECF #1, ¶47). Plaintiffs allege that CitiMortgage violated the Act by "failing to make appropriate corrections to the Plaintiff's (sic) account in response to the qualified written request, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to the Plaintiff no later than 60 days after receipt of the Plaintiff's (sic) qualified written request." (Id. at ¶48). Plaintiffs allege that CitiMortgage violated RESPA by providing information to consumer reporting agencies regarding overdue payments allegedly owed by Plaintiff that were related to the qualified written request. (Id. at ¶50). Finally, Plaintiffs allege that CitiMortgage engaged in a "pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA." (Id. at ¶51).

CitiMortgage moves for summary judgment on this claim asserting that Plaintiffs have failed to allege any actual damages or produce any evidence that CitiMortgage engaged in a pattern or practice of noncompliance with the Act. RESPA provides in pertinent part:

> **(F) Damages and costs**
>
> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
> **(1) Individuals**
>
> In the case of any action by an individual, an amount equal to the

> sum of–
> (A) any actual damages to the borrower as a result of the failure; and
> (B) any addition damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

15 U.S.C. § 2605(f). Recovery under RESPA requires more than establishing a violation, however. Plaintiff must suffer actual, demonstrable damages, and Plaintiff's damages must occur "as a result of" that specific violation. 12 U.S.C. § 2605(f)(1)(A). Damages are a necessary element of a RESPA claim. See *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1345 (11th Cir.2005); *Webb v. Chase Manhattan Mortg. Corp.*, No. 05–0548, 2008 WL 2230696, at *14 (S.D.Ohio May 28, 2008); *Collier v. Wells Fargo Home Mortg.*, No. 04–CV–086–K, 2006 WL 1464170, at *3 (N.D.Tex. May 26, 2006); *Byrd v. Homecomings Fin. Network*, 407 F.Supp.2d 937, 946 (N.D.Ill.2005).

To highlight the lack of evidence supporting any claim of actual damages arising from any alleged violation of RESPA, CitiMortgage cites to the Complaint and Plaintiffs' description of the damages Plaintiffs suffered as a result of CitiMortgage's actions. Plaintiffs do not substantiate the conclusory allegation that the Plaintiffs "suffered damages" as a result of the alleged RESPA violations. (ECF #1, ¶52). For example, with regard to Plaintiffs' allegation that CitiMortgage failed "to make appropriate corrections to the Plaintiff's (sic) account in response to qualified written requests," (Id. at ¶48) Plaintiffs simply allege that Plaintiffs "became concerned that the disbursements did not seem to be accounted for properly." (Id. at ¶30). CitiMortgage argues that the allegations in the Complaint, which are all that Plaintiffs have presented on this point, is insufficient to create a question of material fact on the actual damages

7

prong of RESPA.

In response to CitiMortgage's motion for summary judgment, Plaintiffs have not submitted any additional evidence in support of their RESPA claim, and instead Plaintiffs continue to rely on their conclusory allegations stated in the Complaint. Plaintiffs ask this Court to deny CitiMortgage's motion for summary judgment on this claim for the same reasons that the Court denied CitiMortgage's motion to dismiss and because "CitiMortgage has provided no evidence that contradicts the original evidence put forth in Plaintiff's (sic) Complaint" (ECF #56 at 4).

What Plaintiffs fail to acknowledge however, is the vastly different legal standard that applies on a motion for summary judgment as opposed to a motion to dismiss. When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its claim, summary judgment is appropriate on that claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23. Moreover, Plaintiffs' position that the allegations in the complaint present a case similar to the complaint whose sufficiency was recently affirmed by the Sixth Circuit in *Marais v. Chase Home Finance LLC*, 736 F.3d 711 (6th Cir. 2013), again misses the point. While Plaintiffs allegations, conclusory as they are, may barely survive a motion to dismiss, more is required at the summary judgment stage. Plaintiffs must set out specific facts showing a genuine issue for trial. Mere reference to unspecified reasons to believe payments were misapplied do not suffice. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007)(citation omitted). Rather, "Rule 56 allocates that duty to the

opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Id.* Plaintiffs have failed to meet this burden; there has been no evidence presented that would create a question of material fact for trial on Plaintiffs' RESPA claim. Accordingly, CitiMortgage is entitled to summary judgment on this claim.

CitiMortgage also moves for summary judgment on Plaintiffs' state law tort claims of fraud. CitiMortgage asserts that Plaintiffs have not plead, much less offered proof of the basic elements of a fraud claim. Under Ohio law Plaintiffs must allege facts demonstrating all of the following elements to maintain a fraud claim:

> (a) a representation or, where there is a duty to disclose, concealment of a fact,
>
> (b) which is material to the transaction at hand,
>
> (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false ...,
>
> (d) with the intent of misleading another into relying upon it,
>
> (e) justifiable reliance upon the representation or concealment, and
>
> (f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm–Cleveland, Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709, 712 (1987). Moreover, "a party must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b).

In their Complaint Plaintiffs allege that both Defendants knowingly attempted to defraud Plaintiffs by failing to account for all funds received on the two mortgage accounts and that Plaintiffs' reliance on the assertions alleged above have caused Plaintiffs to engage two separate sets of counsel in an effort to clarify the accounting of each mortgage and neither Defendant has

fully addressed or responded to Plaintiffs' concerns. (ECF #1, ¶¶ 54-55). CitiMortgage notes that it responded to Plaintiffs' request and provided Plaintiffs with the relevant loan history. (See ECF #54, at 9-10). While Plaintiffs bear the burden of proof on this claim, they have failed to submit any evidence that the account was not properly credited. In his deposition Mr. Jester admitted that he did not know whether the trustee's payments were properly credited to his CitiMortgage account. (Jester Dep. at 154). In addition, CitiMortgage asserts that Plaintiffs have failed to sufficiently allege or prove that CitiMortgage intentionally misled Plaintiffs into relying on false account statements, and that Plaintiffs were injured by relying on such intentionally misleading actions. Plaintiffs alleged harm is that Plaintiffs resorted to legal counsel "in an effort to clarify the accounting of each mortgage." (ECF #1, ¶55). However, retaining counsel to investigate and contest CitiMortgage's actions does not constitute the requisite reliance elements of fraud.

In opposition to CitiMortgage's motion, Plaintiff merely contends that the fraud claim is still viable for the same reasons that they assert that the RESPA claim is viable, and because CitiMortgage has never established that CitiMortgage applied payments during the Chapter 13 case properly. Plaintiffs' response is entirely deficient to withstand summary judgment on the fraud claim. First, Plaintiffs failed to establish a genuine question of material fact with respect to their RESPA claim. Moreover, even if they had submitted any evidence sufficient to establish a question of material fact, the elements of a RESPA claim and a fraud claim are different. After re-reviewing the allegations of fraud in the Complaint, it seems clear that the threshold elements of a fraud claim were not alleged with the particularity required by Civ. R. 9(b). Moreover, after sufficient time to complete discovery, indeed the discovery period concluded in May, Plaintiffs

have again failed to offer any factual support for their fraud claim. As such, summary judgment is granted on this claim.

## CONCLUSION

For the reasons set forth above, Defendant CitiMortgage's Motion for Summary Judgment (ECF #54) is granted. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: February 12, 2015